EMILY T. JACKSON *et al.*, plaintiffs in error, *vs.* JAMES W. CORBIN, defendant in error.

When J. sold a tract of land to I. for $1,600 00, receiving part of the purchase-money, and taking the note of I. for the balance of the purchase-money, and made a warranty deed to I., the purchaser, and afterwards died insolvent, and within a short time after the death of J., a judgment creditor of J. levied an execution upon the land, to satisfy a judgment obtained against J., anterior to the sale of the land to I., and a bill was filed by the widow of J., in behalf of herself and her minor children, alleging the insolvency of her deceased husband, and claiming a year's support out of the $900 00 note given for the land, as being the only property left for that purpose, and also alleging that, if the land should be sold by the judgment creditor, in satisfaction of his debt, the purchaser of the land would successfully defend the note as against her and her children, on the ground of failure of title, and thereby defeat her claim to her year's support out of the note given to her deceased husband for the land, which is unpaid, and which is the only remaining estate left out of which she can obtain her year's support: *Held*, that it was error in the Court in dissolving the injunction upon the foregoing state of facts, inasmuch as the widow was entitled to her year's support out of the $900 00 note, and that the sale of the land should have been restrained until the rights and equities of the parties could be adjusted upon the final hearing of the cause.

Widow's year's support. Equity. Injunction. Decided by Judge GREEN. Spalding Superior Court. February Term, 1869.

Jackson *et al.*, *vs.* Corbin.

Corbin obtained a judgment, in 1861, against Jethro Jackson. Other persons, in the same year, obtained other judgments against Jackson. In 1868, Jackson, in consideration of $1,600 00, conveyed to Samuel D. Irvin, by deed, with a warranty of title, certain land, receiving all the purchase-money except $900 00, and for that took Irvin's note. Jackson afterwards died, leaving his wife, Emily A., and four children, with no other property besides said promissory note. Before administration on Jackson's estate, said plaintiffs in *fi. fas.* had them levied upon the premises bought by Irvin. The widow, in behalf of herself and children, filed a bill against said plaintiffs in *fi. fas.*, averring said facts, and certain others as to payment and fraud in the procurement of, and fraud in the use of said *fi. fas.*, and claiming that inasmuch as, if the premises were sold by the sheriff, Irvin's note would not be collected, and her year's support would be wholly defeated for want of assets, prayed injunction against the sale. The injunction was granted. Corbin answered the bill, denying the allegations as to payment of his *fi. fa.*, and as to fraud, and prayed for a dissolution of the injunction. Samuel D. Irvin, by amendment, was made a party complainant.

Upon such denial by Corbin, Judge Green dissolved the injunction as to him, and that is brought up for review.

D. J. BAILEY, S. D. IRVIN, for plaintiff in error.

DOYAL & NUNNALLY, for defendant.

WARNER, J.

The equity of the complainant's bill in this case, is based on the following statement of facts: In 1861, Corbin obtained a judgment against Jackson. In 1868, Jackson sold a tract of land to Irvin for the sum of $1,600 00, the purchaser paying part of the purchase-money for the land, and giving his note to Jackson for $900 00, which is still due and unpaid. Jackson conveyed the land to Irvin by deed, with *warranty of title*. Jackson afterwards died, leaving his

wife, the complainant, and four minor children, leaving no property besides the $900 00 note given by Irvin to him for the land. Shortly after Jackson's death, Corbin had his execution levied upon the land to satisfy his judgment which bound the land, in the hands of Irvin, the purchaser from Jackson. The complainant, as the widow of Jackson, in behalf of herself and children, filed her bill, claiming a year's support, under the provisions of the statute, out of the $900 00 note given for the land, alleging that if the land is sold under Corbin's execution, Irvin will successfully defeat the collection of his note given for the land, which is the only property left by Jackson, and, by that means, she will be wholly deprived of a .year's support for herself and children and prayed an injunction against the sale of the land until she could have her year's support for herself and children, allowed her out of the note of Irvin, who has been made a party to the bill. By the 2530 section of the Code, the widow and children of a deceased testator, or intestate, whether the estate be solvent or insolvent, are entitled to a year's support out of the estate as a part of the necessary expenses of the administration thereof, in preference to *all other debts*, of not less than $100 00, and if the estate does not exceed in value the sum of $500 00, the whole estate may be set apart for that purpose, and it makes no difference whether administration has been granted on the estate or not: Code, sec. 2459. If this land should be sold in satisfaction of Corbin's judgment, Irvin could defeat the payment of his $900 00 note given to Jackson for the land, which constitutes all the property which Jackson left at the time of his death, out of which his widow and children can claim their year's support; so that the sale of the land in satisfaction of Corbin's judgment debt, necessarily defeats the year's support to be allowed the widow and children out of the intestate's estate, in preference to any other debt. In our judgment, the widow and children of Jackson, under the provisions of the Code, have an equitable right to have the sale of the land enjoined according to the statement of facts made in the record, until a suitable provision for their year's support can

be provided for them out of the Irvin note, and the rights of the respective parties to the bill be adjusted according to the principles of equity and justice, as regulated by law upon the final hearing of the case.

Let the judgment of the Court below dissolving the injunction be reversed.